**YIN DEE JAL, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

**No. 08–1273–ag.**

United States Court of Appeals, Second Circuit.

April 17, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Tina Yu Howe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yin Dee Jal, a native and citizen of the People's Republic of China, seeks review of the February 21, 2008 order of the BIA denying his motion to reopen. *In re Yin Dee Jal*, No. A72 484 691 (B.I.A. Feb. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Here, because it is undisputed that Jal's October 2007 motion to reopen was filed over eleven years after the BIA's November 1996 decision and was the second such motion he had filed, the BIA properly observed that his motion was both time and number barred, unless he established that he was *prima facie* eligible for asylum based on changed circumstances arising in China. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

We find that the BIA reasonably concluded that Jal's motion to reopen was not exempt from the time and numerical limits. As to the taking of his family's home by government officials, the BIA properly noted evidence suggesting that the seizure was part of a development project, and was not related to China's family planning policy. While Jal argues that the diminished compensation his family received was due to his and his wife's violation of that policy, the evidence he submitted indicated that the government frequently gave inadequate compensation after takings of this kind. Because the changes in circumstances did not materially affect Jal's eligibility for asylum (*i.e.*, there was no indication that the events occurred on account of a protected ground), the BIA's findings were not in error. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir.2007).

Moreover, to the extent Jal argues that he suffered past persecution on account of his own "resistance" to China's family planning policy, such evidence was available and could have been presented at the previous hearing. The BIA thus properly found that Jal had not alleged any changed circumstances with respect to China's family planning policy. Therefore, his motion to reopen to apply for asylum on that basis would still be subject to the applicable time and number bars. *See* 8 C.F.R. § 1003.2(c)(2).

Furthermore, the BIA reasonably found that Jal had not established *prima facie* eligibility for asylum based on his alleged practice of Falun Gong and the discovery of Falun Gong materials in his family's home where his own affidavit did not allege that he practiced Falun Gong. The BIA properly took that omission into account when assessing the claims made in his motion and when weighing the remaining record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (noting that the weight afforded

to the evidence lies largely within the agency's discretion). In addition, the BIA correctly relied on *Wei Guang Wang v. BIA*, 437 F.3d 270 (2d Cir.2006), to conclude that Jal's decision to begin practicing Falun Gong amounted to a change in his personal circumstances that did not exempt his motion from the time and number bars. *See id.* at 274. In conclusion, the BIA did not abuse its discretion in denying Jal's motion to reopen.[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. Jal's brief does not raise any arguments regarding his alleged fear of persecution based on his illegal departure, his wife's alleged sterilization, or his assertion that the Chinese government is aware that he applied for asylum in the United States. Therefore those arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Jal's argument concerning 8 U.S.C. § 1229a(b)(7) is irrelevant where an *in absentia* removal order does not bar an application for asylum under 8 U.S.C. § 1158.